UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERUNDA LYNN FOX,

    Plaintiff,

    vs.

UNITED STATES POSTAL
SERVICE and JAMEELA COLEMAN,

    Defendants.
_____/

Case No.  20-13176

HON.  GEORGE CARAM STEEH

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 11] AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, JUDGMENT ON THE PLEADINGS, SUMMARY JUDGMENT AND TO STRIKE [ECF Nos. 26, 29 and 34]

Plaintiff Cherunda Lynn Fox alleges that the United States Postal Service ("USPS") violated § 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), when a postal employee, defendant Jameela Coleman, allegedly told Fox that she smelled.  Plaintiff's complaint also alleges violations of the Americans with Disabilities Act and the Fourteenth Amendment to the U.S. Constitution.  The matter is before the Court on defendants' motion to dismiss and plaintiff's motions for default judgment, judgment on the pleadings, summary judgment and to strike defendants' motion to dismiss and responsive pleadings.  The various motions have

been fully briefed and the Court does not believe it will be further aided by oral argument. For the reasons stated below, defendants' motion to dismiss is GRANTED and plaintiff's motions are DENIED.

## BACKGROUND

According to the complaint, on August 31, 2020, Fox visited an office of the United States Postal Service in Ferndale, Michigan. Fox alleges that when she presented a package slip to post office employee Jameela Coleman, Coleman said to Fox, "You smell." Fox contends that she suffers from an infection caused by the bacteria pantoea agglomerans and that this condition might have caused her to emit an odor on the day in question. Fox asserts that this interaction violated her rights under the Rehabilitation Act, the Americans with Disabilities Act, and the Fourteenth Amendment. She seeks four trillion dollars in damages.

## LEGAL STANDARD

Rule 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When a defendant moves for dismissal under Rules 12(b)(1) and 12(b)(6), the court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The plaintiff bears

the burden of proving subject matter jurisdiction.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

ANALYSIS

I.      <u>Timeliness of Motion to Dismiss</u>

Fox contends that defendants failed to file their motion to dismiss within 60 days of service and for that reason the motion should be stricken. On November 13, 2020, Fox mailed copies of her complaint to the Court, the defendants and the U.S. Attorney's Office in Detroit. The Court received that mailing on December 3, 2020 and, in accordance with the Court's Administrative Order 20-AO-026 relating to mailed filings by pro se filers during the Covid-19 pandemic, marked it as filed on November 13, 2020. The U.S. Attorney's Office received the mailing, which did not include a summons, on November 17, 2020.

Federal Rule of Civil Procedure 4(c)(1) requires that a summons must be served with a copy of the complaint. Mailing a copy of the complaint without a summons "cannot substitute for proper service of process, as actual knowledge of a law suit will not cure defective service of process." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991). Fox argues that she is excused from filing a summons under the Court's Administrative Order, which states that, "In the spirit of the 'mailbox rule,'

Rule 3(d) of the Rules Governing § 2255 Proceedings will be extended to Pro Se filers." 20-AO-026.  Rule 3(d) provides that papers filed by an inmate are timely if placed in the mail on the day required for filing.  Contrary to Fox's repeated argument, neither the Administrative Order nor Rule 3(d) relieves a pro se filer from serving a summons with the complaint.

In this case, the summons and complaint were served on the defendants by a process server on December 22, 2020 (ECF Nos. 4 and 5; ECF No. 10).  Defendants' motion to dismiss, filed on January 19, 2021, was therefore timely.  Fed. R. Civ. P. 12(a)(2) (a United States agency or employee sued in an official capacity must answer within 60 days after service on the United States attorney).

Plaintiff's motions, which are based on the premise that defendants' motion to dismiss was untimely, are DENIED for the reasons explained above.

II.     Attorney Appearance and Signature Requirement

Plaintiff moves to strike defendants' motions and other responsive pleadings because she alleges they were not filed or signed by the attorney of record.  Local Rule 83.25(a) provides that "[a]n attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance."  Christopher Doyle appeared on behalf of

- 5 -

defendants when he filed the motion to dismiss on January 19, 2021 (ECF No. 11).  Brittany Parling appeared for defendants when she filed an appearance on February 2, 2021 (ECF No. 31).  Both Doyle and Parling are counsel of record for defendants, as an attorney's appearance continues until entry of "(A) a final order or judgment disposing of all claims by or against the party the attorney represents, or (B) a withdrawal or substitution order."  L.R. 83.25(b).  Unless and until either of these events occur in this case, Doyle and Parling are both proper filers and signatories on motions and other pleadings filed on behalf of defendants.  For this reason, plaintiff's motion to strike pleadings filed by Doyle only is DENIED.

III.     Section 504(a) of the Rehabilitation Act – Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Absent a waiver, sovereign immunity shields the federal government and its agencies from suit.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The burden is on the plaintiff to establish a waiver of sovereign immunity.  *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).  If the plaintiff "cannot identify a waiver, the claim must be dismissed on jurisdictional grounds."  *Id*.

Fox seeks only monetary damages against the USPS in her Rehabilitation Act claim.  However, Congress has not waived the government's sovereign immunity against claims seeking monetary damages for violations of § 504(a).  *See Lane v. Pena*, 518 U.S. 187, 193 (1996).  Therefore, Fox's claim that the USPS violated § 504(a), which seeks only monetary relief, is dismissed.  To the extent Fox intended to raise a separate claim under § 504(a) against Coleman in her individual capacity, that claim also fails because the Rehabilitation Act does not impose liability upon individuals.  29 U.S.C. § 794(b); *see Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004).

IV.     Americans with Disabilities Act – Failure to State a Claim

Title II of the ADA commands that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The ADA defines "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131.  The USPS is

not a public entity under that definition. *See Isle Royale Boaters Ass'n v. Norton*, 154 F. Supp. 2d 1098, 1135 (W.D. Mich. 2001) (noting that the ADA's definition of public entity omitted "any mention of any agency or department of the federal government, other than the National Railroad Passenger Corporation").

Fox fails to state a viable claim under the Americans with Disabilities Act.

V.   Fourteenth Amendment – Failure to State a Claim

The Equal Protection Clause of the Fourteenth Amendment commands that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis."  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).  In this case, Fox fails to make a plausible allegation that similarly situated individuals, but with a different

medical background, have not been subject to the same alleged treatment by defendants.

Furthermore, "[t]o make out a claim for a violation of procedural due process, the plaintiff has the burden of showing that '(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest.'" *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)). Fox has not alleged that she has been deprived of "life, liberty, or property."

Fox has failed to plead a viable claim under the Fourteenth Amendment's Equal Protection Clause or Due Process Clause.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (ECF No. 11) is GRANTED, plaintiff's motions (ECF Nos. 26, 29 and 34) are DENIED and plaintiff's complaint is DISMISSED.

Dated: March 9, 2021

                                                 s/George Caram Steeh
                                                 GEORGE CARAM STEEH
                                                 UNITED STATES DISTRICT JUDGE